FILED - GR
July 31, 2009 4:19 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald___/____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

JOHN MEISTER,

    Plaintiff,

v.

COUNTY OF KENT;
ROBERT DECKER, Individually;
RICHARD BROWN, Individually; and
JOHN CHURCHILL, Individually,

    Defendants.

Case No. **1:09-cv-709**

Honorable **Robert J. Jonker
U.S. District Judge**

_____/

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
125 Ottawa Avenue NW, Suite 300
Grand Rapids, Michigan 49503
(616) 454-8300

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff John Meister, (hereinafter "Plaintiff"), by and through his attorneys, Drew, Cooper & Anding, by Stephen R. Drew and Adam C. Sturdivant, and hereby alleges and states as follows:

1. This is an action for money damages against Robert Decker (hereinafter "Decker"), Kent County Sherriff's Officer; John Churchill (hereinafter "Churchill"), Kent County Deputy; Richard Brown (hereinafter "Brown"), Grandville Police Officer; and the County of Kent (hereinafter "County") for violation of Plaintiff's constitutional rights and other rights accorded him by common and statutory law.

2. Plaintiff alleges that Defendants Decker, Churchill, and Brown unlawfully assaulted him, for the very purpose of causing harm, and used excessive and reckless force in detaining Plaintiff, in violation of his constitutional rights and other rights afforded him by common and statutory law.

3. Plaintiff alleges that Defendant Decker unlawfully assaulted him, for the very purpose of causing harm, and used excessive and/or reckless force when he excessively forced Plaintiff's arm behind his body with such force and impact that it severely fractured his arm, in violation of his constitutional rights and other rights accorded to him by common and statutory law.

4. Plaintiff alleges that Defendant County, tolerated, authorized and/or permitted a custom, policy, practice or procedure of improper conduct and insufficient supervision, training, placement and discipline of police officers, and failed to adequately screen, counsel or discipline such individuals for physical and/or mental conditions which might render such individuals unfit to discharge the duties and responsibilities of a police officer, with the result that said police officers were allowed to violate the rights of persons such as Plaintiff with impunity.

5. Plaintiff also seeks money damages against the Defendants for the above actions for violation of Michigan common and/or statutory laws including assault and battery and/or gross negligence.

## JURISDICTION

6. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a)(1), (2), (3), and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

7. Plaintiff John Meister is and was at all material times herein a citizen of the United States and a resident of the County of Ottawa, and the State of Michigan.

8. Defendant County of Kent (hereinafter "County") is a municipal corporation located in the County of Kent, and in the State of Michigan, and is a governmental body organized and existing under Michigan laws.

9. Defendant Robert Decker (hereinafter "Decker"), police officer of the County of Kent with the Kent County Correctional Facility, was at all relevant times an agent and/or employee of the Kent County Correctional Facility and the Defendant County. He is sued individually.

10. Defendant John Churchill (hereinafter "Churchill"), Deputy of the County of Kent with the Kent County Correctional Facility, was at all relevant times an agent

and/or employee of the Kent County Correctional Facility and the Defendant County. He is sued individually.

11. Defendant Richard Brown (hereinafter "Brown"), police officer of the City of Grandville Police Department, was at all relevant times an agent and/or employee of the City of Grandville Police Department. He is sued individually.

12. At all relevant times, Defendants Decker, Brown and Churchill were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan, the County of Kent, and/or the Kent County Correctional Facility.

## GENERAL ALLEGATIONS

13. On or about August 6, 2007, Plaintiff was operating a motor vehicle that was pulled over by Defendant Brown of the Grandville Police Department for an alleged traffic violation.

14. Plaintiff was placed under arrest by Defendant Brown and charged with operating a motor vehicle while intoxicated and/or impaired and possession of marijuana.

15. Plaintiff was placed in handcuffs and transported to the Kent County Correctional facility by Defendant Brown.

16. During the drive to the Kent County Correctional Facility, Defendant Brown was rude and offensive towards Plaintiff and Plaintiff was upset with Defendant Brown's exasperated behavior and/or attitude.

17. Upon arrival at the Kent County Correctional Facility Plaintiff was brought into the intake lobby for routine booking by Defendant Brown, he was compliant and physically non-resistant.

18. Defendant Brown performed a pat down of Plaintiff and removed the handcuffs.

19. Defendant Brown requested that Plaintiff put his hands on the counter and spread his legs. Officer Brown proceeded to have Plaintiff empty his pockets, then take his shoes off, remove the laces from his shoes, and to remove his hair band and watch. Plaintiff was compliant and physically non-resistant throughout this procedure.

20. At the conclusion of the pat down and search, Plaintiff reached forward to check the amount of money that he emptied from his pocket so that he could keep track of how much he would be getting back upon his release.

21. Defendant Brown, absent any physical resistance, obstruction and/or provocation by Plaintiff, with excessive and unnecessary force grabbed Plaintiff's left arm, twisted it, and forcefully pushed Plaintiff towards the shakedown vestibule.

22. Defendant Decker and Defendant Churchill, who were present at the time, responded by grabbing Plaintiff's arms and forcefully pulling them behind his back.

23. Defendant Decker and Defendant Churchill pushed Plaintiff all the way into the shakedown vestibule and unnecessarily and with excessive force shoved Plaintiff face first into the wall.

24. When Defendant Decker grabbed his right arm Plaintiff began to scream that it hurt and that he was in pain from the way that Defendant Decker was forcefully yanking on his arm. Defendant Decker and Defendant Churchill, with Defendant Brown present, assisting and/or observing, ignored Plaintiff's pleas.

25. Plaintiff was compliant and physically non-resistant; however, while Defendant Churchill and/or Defendant Brown held Plaintiff, Defendant Decker continued to yank Plaintiff's right arm upward with excessive force and in a manner to and for the very purpose of causing pain and/or serious injury and/or with deliberate indifference to the likelihood of causing serious injury.

26. Defendants Brown, Decker, and Churchill falsely wrote and/or reported the events relating to this complaint. Defendants Brown, Decker, and Churchill wrote their reports to implicate Plaintiff as being distinctly resistant so as to deflect from the excessive force used by Defendant Decker.

27. The aforementioned actions of the individual Defendants caused Plaintiff John Meister severe and significant injury and pain to his right arm and shoulder which resulted in the following injuries, some of which may be permanent:

    a. Distal supracondylar fracture of Plaintiff's right humerus, necessitating major surgical intervention;
    b. Radial nerve palsy of the right arm;
    c. Open reductions and internal fusion of the humerus;
    d. Installations of a ten (10) hold posterior lateral periarticular plate; and
    e. Other damages, injuries, and consequences that are found to be related to actions within this complaint.

28. The aforementioned actions of the individual Defendant caused Plaintiff John Meister severe and significant fright, shock, humiliation, fear, and embarrassment, the effects of which he continues to suffer with residuals and sequelae.

## COUNT I
## 42 U.S.C. § 1983 CLAIM – INDIVIDUAL DEFENDANTS

29. Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

30. The aforementioned acts by individual Defendants Brown, Decker, and Churchill acting under color of state law, were committed maliciously, for the very purpose of causing harm, with callous and/or reckless disregard or with deliberate indifference for Plaintiff's rights, health and safety, including a substantial risk of serious harm, and deprived Plaintiff of the following clearly established and well-settled rights, privileges and immunities under the laws and Constitution of the United States:

   a. Freedom from the use of excessive and unreasonable force in violation of Plaintiff's Fourth Amendment rights;

   b. Equal protection of the laws and the rights, privileges and immunities of citizens of the United States and the State of Michigan; and

   c. Otherwise violating the rights of Plaintiff.

31. Defendants Brown, Decker, and Churchill subjected Plaintiff to these deprivations of rights maliciously and for the very purpose of causing harm or by acting with callous and/or reckless disregard, and with deliberate indifference as to whether Plaintiff's rights would be violated by his actions.

32. As a direct and proximate result of Defendants Brown, Decker, and Churchill's actions, Plaintiff suffered and continues to suffer from injuries to his right arm and shoulder.

33. As a direct and proximate result of Defendants Brown, Decker, and Churchill's actions, Plaintiff was deprived of rights, privileges, and immunities under the

Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

34. As a direct and proximate result of Defendants Brown, Decker, and Churchill's acts and/or omissions, Plaintiff has suffered medical expenses and other out of pocket costs, pain and suffering, loss of social pleasure and enjoyment, mental anguish, emotional distress, anxiety, humiliation and/or embarrassment, residuals and sequelae.

## STATE LAW CLAIMS – SUPPLEMENTAL JURISDICTION

### COUNT II
### ASSAULT & BATTERY – ALL DEFENDANTS

35. Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

36. At all relevant times, Defendants Decker and Churchill were acting in the course and scope of their employment with Defendant County of Kent and within the scope of their authority as law enforcement officers with the Kent County Correctional Facility.

37. The aforementioned acts and conduct of Defendant Decker and Churchill constitute assault and battery and a willful, harmful or offensive touching, threatening and/or striking of Plaintiff against his will and without consent, resulting in injuries and damages to Plaintiff as described above.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DEFENDANT DECKER

38. Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

39. At all relevant times, Defendant Decker was acting in the course and scope of his employment with Defendant County of Kent and within the scope of his authority as a law enforcement officer with the Kent County Correctional Facility.

40. The acts and conduct of Defendant Decker, alleged above, constitute intentional infliction of emotional distress and outrageous conduct including, but not limited to the use of excessive and reckless force when Defendant Decker intentionally, willfully, and with reckless disregard for the right of Plaintiff, twisting Plaintiff's right arm with such excessive force and fracturing his humerus, while Plaintiff was already in submission to a pat-down and was not resisting, resulting in injuries, damages, and causing severe emotional distress, anxiety, humiliation and/or embarrassment to Plaintiff as described above.

## COUNT IV
## GROSS NEGLIGENCE
## DEFENDANTS DECKER, CHURCHILL, & COUNTY

41. Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

42. At all relevant times, Defendant Decker and Defendant Churchill were acting in the course and scope of their employment with Defendant County of Kent and within the scope of their authority as law enforcement officers with the Kent County Correctional Facility.

43. Defendant Decker and Defendant Churchill owed Plaintiff the following duties and obligations, among others:

   a. The duty to refrain from using force where force was not necessary;

   b. The duty to exhaust all reasonable alternatives before using force, including but not limited to requesting assistance and/or backup before utilizing force as a means of coercion;

   c. The duty to use only such force as was necessary and reasonable under the circumstances;

   d. The duty to exercise restraint in difficult situations and to analyze the situation and react in a professional manner; and

   e. Other duties to be identified.

44. Defendant Decker and Defendant Churchill breached these duties owed to Plaintiff and were grossly negligent as that term is used and defined in M.C.L. 691.1407(2)(c), when Defendants conducted themselves by acting as described above, said acts having been committed with reckless disregard for Plaintiff's health, safety and Constitutional and statutory rights, and with a substantial lack of concern as to whether an injury would result in the following particulars, among others:

   a. Applied force in an amount greatly in excess to that force which the situation demanded, if any;

   b. Continued to use excessive force against Plaintiff over a period of time;

   d. Failed to exhaust all reasonable alternatives before using force including but not limited to requesting assistance and/or backup before utilizing force as a means of coercion;

   e. Failed to exercise restraint and failed to act in a professional manner; and

   f. Was grossly negligent in other respects as well.

## DAMAGES

45. Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

46. As a direct and/or proximate result of the individual Defendants and the Defendant County of Kent's actions as stated above, Plaintiff John Meister suffered and continues to suffer from the injuries to his right arm and shoulder with residuals and sequelae.

47. As a direct and/or proximate result of the individual Defendants and the Defendant County of Kent's acts and/or omissions, Plaintiff John Meister has suffered medical expenses and other out of pocket costs, physical and mental pain and suffering, loss of social pleasure and enjoyment, mental anguish, emotional distress, anxiety, humiliation and/or embarrassment, residuals and sequelae.

48. The acts and conduct of individual Defendants and Defendant County of Kent alleged in the above stated counts and causes of action constitute violations of the common and/or statutory laws of the State of Michigan, and the United States District Court has supplemental jurisdiction to hear and adjudicate said claims.

**WHEREFORE,** Plaintiff John Meister requests this Court to enter a Judgment in his favor and against all Defendants in an amount equal to the proofs at trial and requests the following relief:

    a. Compensatory damages in the amount to be determined as reasonable or just by the trier of fact to fairly compensate Plaintiff for all compensatory damages including, but not limited to medical expenses, physical and mental pain and suffering, mental anguish, anxiety, humiliation, embarrassment, mortification, violation of his Constitutional rights, and other damages to be proved.

- b. Punitive and/or exemplary damages in the amount to be determined as reasonable or just by the trier of fact;

- c. Reasonable attorney fees, interest and costs; and

- d. Other equitable and/or injunctive relief as appears to be reasonable and just.

**WHEREFORE,** Plaintiff John Meister requests this Court to enter Judgment in his favor and against all Defendants on all counts in an amount consistent with the proofs of trial, including economic, non-economic, and compensatory damages, punitive and exemplary damages, as well as interest, costs, and attorney fees.

Respectfully submitted,

Dated: July 31, 2009

By: _____
Stephen R. Drew (P24323)
DREW, COOPER & ANDING
Attorneys for Plaintiff
125 Ottawa Avenue NW, Suite 300
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
E-Mail: sdrew@dcadvocate.com

Dated: July 31, 2009

By: _____
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
125 Ottawa Avenue NW, Suite 300
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
E-Mail: asturdivant@dcadvocate.com

## **JURY DEMAND**

Plaintiff John Meister, by and through his attorneys, Drew, Cooper, & Anding, by Stephen R. Drew and Adam C. Sturdivant, hereby demand a trial by jury on all claims set forth above.

Respectfully submitted,

Dated: July 31, 2009          By: _____
Stephen R. Drew (P24323)
DREW, COOPER & ANDING
Attorneys for Plaintiff
125 Ottawa Avenue NW, Suite 300
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
E-Mail: sdrew@dcadvocate.com

Dated: July 31, 2009          By: _____
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
125 Ottawa Avenue NW, Suite 300
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
E-Mail: asturdivant@dcadvocate.com