UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

JOHN MEISTER,                                               Case No.1:09-CV-709

        Plaintiff,                                        Honorable Robert J. Jonker

v.

COUNTY OF KENT; and
ROBERT DECKER, Individually,
RICHARD BROWN, Individually, and
JOHN CHURCHILL, Individually,

        Defendants.
_____/

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for **Monday, November 2, 2009 at 3:00 p.m.,** before the Honorable Robert J. Jonker.  Appearing for the parties as counsel will be:

Stephen R. Drew (P24323)
DREW, COOPER & ANDING
Attorneys for Plaintiff
125 Ottawa Avenue NW, Suite 300
Grand Rapids, Michigan  49503
(616) 454-8300

Peter A. Smit (P27886)
VARNUM, RIDDERING, SCHMIDT & HOWLETT
Attorneys for Defendants County of Kent, Decker and Churchill
333 Bridge Street NW
Grand Rapids, Michigan  49504
(616) 336-6000

Michael S. Bogren (P34835)
PLUNKETT COONEY
Attorneys for Defendant Brown
535 S. Burdick Street, Suite 256
Kalamazoo, Michigan  49007
(269) 226-8822

1.  **Jurisdiction:**

    Plaintiff states that this action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a)(1), (2), (3), and (4) and the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

    Defendants County of Kent, Robert Decker, John Churchill and Richard Brown state that the foregoing shall not be construed as a waiver of objections to the continued exercise of supplemental jurisdiction over state law claims in the event of dismissal of the federal claims herein.

2.  **Jury or Non Jury:**

    This case is to be tried before a jury.

3.  **Judicial Availability:**

    The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.

4.  **Geographic Transfer:**

    Geographic transfer is not warranted in this case.

5.  **Statement of the Case:**

    This case involves the following claims and defenses:

    **Plaintiff's Description of Claims:**

    On or about August 6, 2007, Plaintiff was operating a motor vehicle that was pulled over by Defendant Brown of the Grandville Police Department for an alleged traffic violation.   Plaintiff was placed under arrest by Defendant Brown and charged with operating a motor vehicle while intoxicated and/or impaired and possession of marijuana.  Plaintiff was placed in handcuffs and transported to the Kent County Correctional facility by Defendant Brown.  During the drive to the Kent County Correctional Facility, Defendant Brown was rude and offensive towards Plaintiff and Plaintiff was upset with Defendant Brown's exasperated behavior and/or attitude.

Upon arrival at the Kent County Correctional Facility Plaintiff was brought into the intake lobby for routine booking by Defendant Brown, he was compliant and physically non-resistant.  Defendant Brown performed a pat down of Plaintiff and removed the handcuffs.  He then requested that Plaintiff put his hands on the counter and spread his legs.  Officer Brown proceeded to have Plaintiff empty his pockets, then take his shoes off, remove the laces from his shoes, and to remove his hair band and watch.  Plaintiff was compliant and physically non-resistant throughout this procedure.  At the conclusion of the pat down and search, Plaintiff reached forward to check the amount of money that he emptied from his pocket so that he could keep track of how much he would be getting back upon his release.  Defendant Brown, absent any physical resistance, obstruction and/or provocation by Plaintiff, with excessive and unnecessary force grabbed Plaintiff's left arm, twisted it, and forcefully pushed Plaintiff towards the shakedown vestibule.

Defendant Decker and Defendant Churchill, who were present at the time, responded by grabbing Plaintiff's arms and forcefully pulling them behind his back.  Defendant Decker and Defendant Churchill pushed Plaintiff all the way into the shakedown vestibule and unnecessarily and with excessive force shoved Plaintiff face first into the wall.   When Defendant Decker grabbed his right arm Plaintiff began to scream that it hurt and that he was in pain from the way that Defendant Decker was forcefully yanking on his arm.  Defendant Decker and Defendant Churchill, with Defendant Brown present, assisting and/or observing, ignored Plaintiff's pleas.

Plaintiff was compliant and physically non-resistant; however, while Defendant Churchill and/or Defendant Brown held Plaintiff, Defendant Decker continued to yank Plaintiff's right arm upward with excessive force and in a manner to and for the very purpose of causing pain and/or serious injury and/or with deliberate indifference to the likelihood of causing serious injury, resulting in the following injuries to the Plaintiff, some of which may be permanent:

a. Distal supracondylar fracture of Plaintiff's right humerus, necessitating major surgical intervention;

b. Radial nerve palsy of the right arm;

c. Open reductions and internal fusion of the humerus;

d. Installations of a ten (10) hold posterior lateral periarticular plate; and

e. Severe and significant fright, shock, humiliation, fear, and embarrassment, the effects of which he continues to suffer with residuals and sequelae.

Defendants Brown, Decker, and Churchill falsely wrote and/or reported the events relating to this complaint. Defendants Brown, Decker, and Churchill wrote their reports to implicate Plaintiff as being distinctly resistant so as to deflect from the excessive force used by Defendant Decker.

**Defendants County of Kent, Robert Decker, and John Churchill's Description of Defenses:**

Deputies Decker and Churchill were working in the intake area of the Kent County Correctional Facility when Officer Brown brought Plaintiff to the facility. The deputies assisted Officer Brown in controlling Plaintiff and proceeding with the booking process. Deputies Decker and Churchill used only reasonable and necessary force and used accepted methods to overcome Plaintiff's resistance and maintain control over Plaintiff and accomplish the lawful purpose of assisting Officer Brown and booking Plaintiff as a detainee at the Kent County Correctional Facility. Plaintiff's claims are denied.

Asserted defenses set forth in the Answer of these Defendants (Docket Entry No. 6) include failure to state a claim upon which relief can be granted, particularly with respect to the claims against the County of Kent in that the two counts of the Complaint directed against the County of Kent are devoid of supporting averments. Other asserted defenses include governmental and qualified immunity.

**Defendant Richard Brown's Description of Defenses:**

Officer Richard Brown lawfully arrested the plaintiff for operating a motor vehicle while intoxicated and/or impaired and possession of marijuana. Officer Brown transported plaintiff to the Kent County Correctional Facility for booking. While in the intake area Officer Brown conducted a pat-down search of the plaintiff and directed him to empty his pockets. The plaintiff attempted to grab his possessions after being instructed not to do so. Officer Brown then took plaintiff by his arm to move him away from the counter where his possessions were located. This physical touching was lawful and did not constitute excessive force. Deputies Decker and Churchill then entered the intake area and escorted the plaintiff to a separate room, known as the pat-down area. While this room is visible from the intake area, it is a distinctly separate room from the intake area. Officer Brown did not accompany the deputies and plaintiff into the pat-down area. Officer Brown had no further contact with the plaintiff. It is Officer Brown's position that at no time id he use excessive force or otherwise violate the plaintiff's constitutional rights. There is a videotape that depicts the events and clearly shows that Officer Brown's actions were lawful. Officer Brown plans to file a motion for summary judgment at the early stages of this litigation.

6. **Joinder of Parties and Amendment of Pleadings:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend pleadings by **Wednesday, December 2, 2009**. *(30 days)*

7. **Disclosures and Exchanges:**

(i) The parties have no objections to disclosures. Pursuant to Federal Rule of Civil Procedure 26(a)(1), the parties will provide initial disclosures on or before **Wednesday, December 2, 2009**. *(30 days)*

(ii) Pursuant to Federal Rule of Civil Procedure 26(a)(2), Plaintiff expects to be able to furnish the names of Plaintiff's known retained expert witnesses to Defendant by **Monday, February 1, 2010**. *(90 days)*

Defendant expects to be able to furnish the names of Defendants' known retained expert witnesses to Plaintiff by Wednesday **Monday, March 1, 2010**. *(120 days)*

In this case, it would be advisable to exchange written expert witness reports for retained experts as contemplated by the Federal Rule of Civil Procedure 26(a)(2).

**Reports should be exchanged according to the following schedule:**

Plaintiff proposes to furnish reports from Plaintiff's retained expert witnesses to Defendants by **Monday, March 1, 2010** *(60 days before Plaintiff's proposed close of discovery)*.

Defendants propose that Plaintiff furnish reports from Plaintiff's retained expert witnesses to Defendants by **Tuesday, June 3, 2010** *(60 days before Defendants' proposed close of discovery)*.

Plaintiff proposes that Defendants furnish reports from Defendants' retained expert witnesses to Plaintiff by **Friday, April 2, 2010** *(30 days before Plaintiff's proposed close of discovery)*.

Defendants propose that Defendants furnish reports from Defendants' retained expert witnesses to Plaintiff by **Monday, July 5, 2010** *(30 days before Defendants' proposed close of discovery)*.

(iii) Pursuant to Federal Rule of Civil Procedure 26(a)(3) the parties will make the following Pretrial Disclosures:

**30 days before trial, with objections being filed 14 days after said disclosures**, the parties will provide and file the name, address, and

telephone number of each witness - separately identifying those the party expects to present and those it may call if need arises.

**30 days before trial, with objections being filed 14 days after said disclosures**, the parties will provide and file the designation of those witnesses whose testimony the party expects to present by deposition.

**30 days before trial, with objections being filed 14 days after said disclosures**, the parties will provide and file an identification of each document or other exhibit - separately identifying those items the party expects to offer and those it may offer if need arises.

(iv) The parties have agreed to make available the following documents without the need for a formal request for production:

**The parties have agreed to produce the following documents pursuant to an appropriate and reasonable Stipulated Protective Order:**

From Plaintiff to Defendants by **Wednesday, December 2, 2009**:

a. Plaintiff's W-2 tax statements, if any, within his possession for calendar years 2007 and 2008; and

b. Plaintiff's medical records within his possession. Plaintiff is willing to sign an appropriate authorization provided by Defendants, provided copies of records received are shared with Plaintiff.

From Defendants County of Kent, Decker and Churchill to Plaintiff by **Wednesday, December 2, 2009**:

a. A copy of the video of the intake area of the Kent County Correctional Facility regarding the incident that is the subject of Plaintiff's Complaint; and

b. A copy of the incident reports prepared by Deputies Decker and Churchill regarding the incident that is the subject of Plaintiff's Complaint.

From Defendant Brown to Plaintiff by **Wednesday, December 2, 2009**:

a. A copy of the police report/incident report prepared by Officer Brown regarding the arrest of the plaintiff on August 6, 2007.

(v) The parties have agreed to make an initial disclosure of potential lay witnesses on or about **Wednesday, December 2, 2009**. (*30 days*)

8. **Discovery:**

   Plaintiff believes that all discovery proceedings can be completed by **Monday, May 3, 2010**. *(6 months)*

   Defendants believe that all discovery proceedings can be completed by **Monday, August 2, 2010**. *(9 months)*

   The parties recommend the following discovery plan:

   The parties agree that the discovery of factual witnesses should be conducted during the first six months of discovery and the discovery of expert witnesses need not be taken until after discovery, but 60 days prior to trial.

   It is recommended that interrogatories be limited to twenty-five (25) questions per side, with relevant sub-parts to each question not included in the count, and depositions to be limited to ten (10) per side. The parties agree that each deposition should not exceed seven (7) hours.

   There will be no deviations from these limitations unless mutually agreed upon by counsel or a party is allowed by the Court pursuant to Federal Rule of Civil Procedure 26(b)(2), with a showing of reasonable cause or merit.

9. **Motions:**

   Dispositive Motions:

   Plaintiff proposes that all dispositive motions will be filed by **Wednesday, June 2, 2010**. *(30 days after Plaintiff's proposed close of discovery)*

   Defendants propose that all dispositive motions will be filed by **Wednesday, September 1, 2010**. *(30 days after Defendants' proposed close of discovery)*

   Non-Dispositive Motions: The parties acknowledge that it is the policy of this court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

   Qualified Immunity Motions:

   At this time, Plaintiff takes no position regarding the deadline for filing qualified immunity motions, as Plaintiff would like first to discuss interlocutory appeal rights at the Rule 16 Conference.

   To ensure preservation of a right to interlocutory appeal from denial of such a motion, Defendants propose that any qualified immunity motions will be filed by

      Tuesday, June 3, 2010 (60 days before Defendants' proposed close of discovery).

      The timely filing of such a motion will toll discovery and all other deadlines in the case management order until the motion is finally resolved.

      Such a motion will be subject to the following briefing schedule:

           1)     A party opposing a motion for qualified immunity under this paragraph must file a responsive brief within twenty (20) days after service of the motion.

           2)     The moving party may file a reply brief within ten (10) days after service of the response.

The Court will promptly schedule any necessary hearing and will decide the motion as soon as practicable. If such a motion is denied, defendants will be able to exercise the right of interlocutory appeal.

If the deadline passes without such a motion, the Court will deem defendants to have waived interlocutory appeal from any subsequent denial of summary judgment on a qualified immunity defense. Failing to timely file a motion asserting qualified immunity as provided by this paragraph will lead this Court to find waiver only of the right to interlocutory appeal from a denial of such a motion. Defendants remain free to bring a qualified immunity defense on motion any time within the dispositive motion deadline and at trial.

The parties would like to discuss additional matters regarding the issue of qualified immunity at the Rule 16 Scheduling Conference.

10. **<u>Alternative Dispute Resolution</u>:**

The parties recommend this case be submitted to the following methods of alternative dispute resolution:

Plaintiff's preferred method of alternative dispute resolution is Voluntary Facilitative Mediation.

Defendants County of Kent, Robert Decker and John Churchill's preferred method of alternative dispute resolution is Voluntary Facilitative Mediation.

Defendant Richard Brown's preferred method of alternative dispute resolution is Voluntary Facilitative Mediation after the close of discovery.

11. **Length of trial:**

Counsel estimate the trial will last approximately **4** full days total, allocated as follows: **2** days for Plaintiff's case, and **2** days for Defendants' case.

12. **Prospects of Settlement:**

The status of settlement negotiations is as follows:

The parties have not yet explored settlement.

13. **Court Electronic Document Filing System:**

Counsel acknowledge that Local Civil Rule 5.7(a) now requires attorneys to file and serve all documents electronically by means of the Court's CM/ECF system. Counsel will abide by the requirements of this rule.

14. **Other:**

Not applicable.

Dated: October 27, 2009       By:  /s/ Stephen R. Drew
                                   Stephen R. Drew (P24323)
                                   DREW, COOPER & ANDING
                                   Attorneys for Plaintiff
                                   125 Ottawa Avenue NW, Suite 300
                                   Grand Rapids, Michigan  49503
                                   Phone: (616) 454-8300
                                   E-mail: sdrew@dcadvocate.com

Dated: October 27, 2009       By:  /s/ Timothy E. Eagle  (w/ permission)
                                   Peter A. Smit (P27886)
                                   Timothy E. Eagle (38183)
                                   VARNUM, RIDDERING, SCHMIDT & HOWLETT
                                   Attorneys for Defendants County of Kent,
                                   Robert Decker and John Churchill
                                   333 Bridge Street NW
                                   Grand Rapids, Michigan  49503
                                   Phone: (616) 336-6000
                                   E-mail: teeagle@varnumlaw.com

Dated: October 27, 2009       By:  /s/ Michael S. Bogren  (w/ permission)
                                   Michael S. Bogren (P34835)
                                   PLUNKETT COONEY
                                   Attorneys for Defendant Richard Brown
                                   535 S. Burdick Street, Suite 256
                                   Kalamazoo, Michigan  49007
                                   Phone: (269) 226-8822
                                   E-mail: mbogren@plunkettcooney.com